UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NATHANIEL S.,<br>   Plaintiff, | )<br>)<br>) |
| v. | )   CAUSE NO.: 3:23-CV-10-JVB |
| | ) |
| MARTIN O'MALLEY, Commissioner<br>of the Social Security Administration,<br>   Defendant. | )<br>)<br>) |

## ORDER

Plaintiff Nathaniel S. seeks judicial review of the Social Security Commissioner's decision denying his application for disability insurance benefits and asks this Court to reverse that decision and remand this matter to the agency for an award of benefits or, alternatively, for further administrative proceedings. For the reasons below, the Court grants Plaintiff's alternative request, reverses the Administrative Law Judge's decision, and remands this matter for further administrative proceedings.

## PROCEDURAL BACKGROUND

In Plaintiff's February 25, 2021 application for benefits, he alleged that he became disabled on November 1, 2020. After a February 23, 2022 hearing, the Administrative Law Judge (ALJ) issued her decision on May 3, 2022, finding that Plaintiff had the severe impairments of anxiety, depression, bipolar disorder, attention deficit hyperactivity disorder, lumbar spondylolisthesis and degenerative disc disease, and obesity. (AR 18). The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment, and further determined that Plaintiff had the residual functional capacity (RFC) to:

perform light work . . . except occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; frequently balance, occasionally stoop, kneel, crouch, and crawl, never work at unprotected heights, never work with moving mechanical parts or hazardous machinery, never operate a motor vehicle. He is able to perform simple, routine, repetitive tasks but not at a production rate pace, interact with supervisors occasionally, never work in tandem with coworkers, never interact with the public, tolerate few changes in a routine setting occasionally, and can make simple work-related decisions.

(AR 21). The ALJ determined that Plaintiff could not perform his past relevant work but was able to perform the job requirements of the representative occupations of office helper, mail clerk, and inspector and hand packager. (AR 27-28). Accordingly, the ALJ found Plaintiff to not be disabled from November 1, 2020, through May 3, 2022—the date of the ALJ's decision. (AR 28). This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act. 20 C.F.R. § 1520(a)(4). The first step is determining whether the claimant is engaged in substantial gainful activity. If the claimant is, then the claimant is found to be not disabled. *Id.* § 1520(a)(4)(i). The remaining steps are:

2

whether the claimant has a severe impairment; whether the claimant's impairment is one that the Commissioner considers conclusively disabling; if the claimant does not have a conclusively disabling impairment, whether [they] can perform [their] past relevant work; and whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (index numbers omitted). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff argues that the ALJ erred and that her decision should be reversed because she ignored important contextual matters when considering Plaintiff's daily activities and how they inform the RFC determination. Plaintiff further argues that the ALJ erred in evaluating the opinion of the psychological consultative examiner.

The ALJ, in finding Plaintiff not disabled, decided that Plaintiff could maintain focus to the degree required for full-time, competitive work. The vocational expert (VE) testified that an individual who could work 90 minutes at a time before being off-task for 10 minutes for the duration of a workday would be precluded from full-time competitive work. (AR 64-65). Thus, the ALJ implicitly found that Plaintiff could work at a level higher than this work-preclusive one. The ALJ stated that she relied on "the claimant's activities of daily living, the objective medical evidence of record, and the opinion evidence" in determining Plaintiff's RFC. (AR 27).

An ALJ's subjective symptom analysis will be afforded "considerable deference" and will be overturned only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006). An ALJ must consider a claimant's statements about their symptoms, including pain, and how these symptoms affect the claimant's activities of daily living and ability to work. 20 C.F.R. § 404.1529(a). ALJs must weigh the subjective complaints, the relevant objective medical evidence, and any other evidence of the following:

3

    (1) The individual's daily activities;
    (2) Location, duration, frequency, and intensity of pain or other symptoms;
    (3) Precipitating and aggravating factors;
    (4) Type, dosage, effectiveness, and side effects of any medication;
    (5) Treatment, other than medication, for relief of pain or other symptoms;
    (6) Other measures taken to relieve pain or other symptoms;
    (7) Other factors concerning functional limitations due to pain or other symptoms.

*See* 20 C.F.R. § 404.1529(c)(3); *see also* SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017). The "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2017 WL 5180304, at *2.

  When considering a claimant's activities of daily living, the Seventh Circuit has "repeatedly cautioned that a person's ability to perform daily activities, especially if [they] can be done only with significant limitations, does not necessarily translate into an ability to work full time." *Roddy v. Astrue*, 705 F.3d 631, 639 (7th Cir. 2013). The Seventh Circuit reasons that "[t]he pressures, the nature of the work, flexibility in the use of time, and other aspects of the working environment as well, often differ dramatically between home and office or factory or other place of paid work." *Mendez v. Barnhart*, 439 F.3d 360 (7th Cir. 2006).

  Though ultimately deciding that Plaintiff is not disabled, the ALJ found that Plaintiff has a moderate limitation in concentration, persistence, and pace. (AR 20). She noted that Plaintiff "endorsed difficulty focusing and distractibility." *Id*. The ALJ tempered the Plaintiff's endorsement by noting that he "is able to participate in activities, such as watching television and working puzzles, such as crosswords and sudoku, which require a good deal of concentration." *Id*. The ALJ categorized Plaintiff's activities of daily living as being at a "somewhat ordinary level." (AR 22). She noted that Plaintiff admitted "driving, preparing simple meals, vacuuming, caring for his pets, watching television, working puzzles, such as crosswords or sudoku, and socializing with friends and family on the phone." *Id.* Elsewhere in the decision, the ALJ noted that Plaintiff

4

"can concentrate on a television show for 20-30 minutes." (AR 22). Plaintiff's testimony regarding television watching was:

> I seem to watch the same show over and over now 'cause I can't focus on new episodes. So, I just watch the same show just over. I get – I can only focus for about 20 to 30 minutes of the show and [then] I'm just completely like zoned out I feel like and not focusing."

(AR 60).

Additionally, Plaintiff testified that the crossword and sudoku puzzles he does "maybe a couple hours a day" to "try and stimulate my mind." (AR 60). There is no testimony that he completes a puzzle within that time frame, that he remains focused and not distracted for the duration, or that he does not require breaks. There is no inherent contradiction between the testimony regarding the puzzles and Plaintiff's testimony that he takes "probably five" ten to fifteen minute breaks between 8:00 a.m. and 5:00 p.m. and that he can focus for about forty-five to ninety minutes before he gets distracted or his thoughts wander. (AR 50, 59). Plaintiff testified that his husband has taken over responsibility for vacuuming the house and that Plaintiff cannot "stand like for long periods to do dishes or cook." (AR 56).

Plaintiff's testimony of his daily activities leads to the conclusion that these activities are performed at a level of intensity much lower than the equivalent of full-time competitive work, and yet, without explanation, the ALJ found that these activities of daily living support her conclusion that Plaintiff can work at the higher level. The required "logical bridge" is missing between Plaintiff's daily activities and the conclusion regarding his ability to work full-time, especially in regard to his ability to focus.

The ALJ also noted that Plaintiff "did not require any significant redirection during the hearing and appeared capable of concentrating and persisting throughout its entirety." (AR 20). The record shows that the hearing was 56 minutes long. (AR 36, 67). Therefore, this is also

5

consistent with Plaintiff's testimony regarding his ability to focus, is less than the length of time focus must be maintained for full-time work per the VE testimony, and does not explain why the ALJ rejected Plaintiff's testimony regarding the breaks he needs to take.

The ALJ also relied on objective medical evidence in the record. It is noted that in February 2021 Plaintiff reported poor concentration and attention, distractibility, and difficulty maintaining focus that are consistent with adult attention deficit disorder (ADD). (AR 271). He noticed "moderate improvement" of the ADD symptoms with Wellbutrin, reporting that his concentration and focus were "somewhat better." (AR 278, 296). By October 2021, Plaintiff was noted to be "functioning better in his day-to-day life" and still experiencing the same "moderate improvement" in ADD symptoms with the Wellbutrin. (AR 326, 327-28). The issue here is that there is no description of Plaintiff's abilities either before or after this moderate improvement occurred. Improvement on its own does not speak to the question of disability. A person may experience medical improvement and still be unable to perform fulltime work. *See Dyer v. Berryhill*, 237 F. Supp. 3d 772, 777 (N.D. Ill. 2017) ("So the relevant question is whether, even with some improvement, he was still in too much pain to engage in the prolonged sitting needed to work a sedentary job."). If, after this improvement, Plaintiff was still only able to focus for the durations he testified to, he would not be able to perform fulltime competitive work per the VE's testimony.

Finally, the ALJ relied on the medical opinion of psychological consultative examiner Dr. Paul Roberts given in October 2021. Dr. Roberts observed that Plaintiff's thought pattern was "unremarkable without any evidence of delusions or flight of ideas" and "[a]ttention and sustained concentration were adequate." (AR 322). Diagnoses included Bipolar I Disorder and "Attention Deficit Hyperactivity Disorder – Predominantly Inattentive Presentation." (AR 323). This opinion supports the ALJ's decision.

However, the ALJ stated that she relied on all three matters: daily activities, objective medical evidence, and opinion evidence in making her decision, and two of these three matters are inadequately explained. The daily activities appear consistent with Plaintiff's testimony of what he is capable of and do not make the ALJ's RFC finding any more likely to be true than Plaintiff's statements of his abilities. The objective medical evidence reports Plaintiff's complaints of issues with focus, concentration, and distractibility, and the notes of moderate improvement do not indicate whether the improved symptoms meet the non-disabling level. The ALJ's decision is undermined by the lack of logical bridge on these two matters, and there is no indication that the ALJ would have made the same decision based solely on Dr. Roberts's opinion alone. Remand is required for a new analysis of Plaintiff's symptoms.

## CONCLUSION

Based on the above, the Court hereby **GRANTS** the alternative relief[1] requested in Plaintiff's Brief [DE 13], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings consistent with this opinion.

SO ORDERED on February 21, 2024.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Plaintiff's primary request for an award of benefits is only proper if "all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011). That not being the case here, the Court grants the alternative request for remand with further administrative proceedings.